UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31290
Summary Calendar

_____

WILLIE C. GEORGE,

Plaintiff-Appellant,

versus

POLICE DEPT. OF HAYNESVILLE; KEITH MILLS;
VINCENT SMITH; WILLIE EVANS; KELVIN KILPATRICK;
MARY LOGON GEORGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-867)

_____

February 2, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Willie C. George (#224037) appeals, *pro se*, an adverse summary judgment (Defendants Mary Logon George, discussed *infra*, and Kelvin Kilpatrick were earlier dismissed as not being state actors. George does *not* challenge that ruling. The remaining Defendants, at issue here, are the police department and three of its Officers.)

First, he contends that the district court abused its discretion by permitting Defendants to refile their summary judgment motion. This issue is without merit.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A party against whom a claim ... is asserted ... may, *at any time*, move with or without supporting affidavits for a summary judgment...." FED. R. CIV. P. 56(b) (emphasis added). This is in keeping with the civil procedure rules being "construed and administered to secure the just, speedy, and inexpensive determination of every action". FED. R. CIV. P. 1. For obvious reasons, we defer ordinarily to the district court in the management of its own docket. *See **Union City Barge Line, Inc. v. Union Carbide Corp.***, 823 F.2d 129, 135 (5th Cir. 1987).

George contends that the magistrate judge's minute entry requiring Defendants only to refile a summary judgment motion and the magistrate judge's recommendation that Defendants' first summary judgment motion be granted indicates that the magistrate judge was unfairly biased. A judicial ruling will support a claim of bias *only* if it reveals an opinion based on an extrajudicial source or demonstrates "such a high degree of favoritism or antagonism as to make fair judgment impossible". *See **Liteky v. United States***, 510 U.S. 540, 555 (1994). Adverse rulings, alone, do *not* call into question a judge's impartiality. ***Id.***

Next, George maintains that the defendant Officers entered his home illegally; and that the district court erred in concluding that there were *no* material fact issues regarding this point. Officer Mills was authorized to enter the house by Mary George. Police may rely on the voluntary consent of a person holding common authority over the place to be searched. ***Illinois v. Rodriguez***, 497 U.S. 177, 181 (1990). George asserts that Mary George did not

2

give the Officers permission to enter; but, he does *not* have personal knowledge of this fact and he has *not* presented summary judgment evidence showing that there is a genuine issue whether Mary George authorized the entry.

Finally, George claims that the district court erred in granting summary judgment dismissing his excessive-force claim. The Fourth Amendment governs such claims concerning force used during an arrest. *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993). To establish such a claim, a plaintiff must prove by a preponderance of the evidence: (1) an injury; (2) which resulted directly and only from the use of force which clearly was excessive to the need; and (3) that the excessiveness of the force was objectively unreasonable. *Id.* The arresting Officers' affidavits establish that, when Officer Mills entered the residence, he was attacked by George with an axe; and that Mills struggled with George until Officers Evans and Smith arrived and assisted Mills in placing George under arrest. The summary judgment evidence submitted by George shows only that he suffered an injury during the arrest; and that he was admitted to the hospital for treatment of the injury. George has *not* established that there is a material fact issue whether the force used was unreasonably excessive.

*AFFIRMED*

3